HUMPHREY H. CRARY and others *v.* CHARLES H. MARSHALL and MOSES H. GRINNELL.

Where, in an action to recover damages for a collision between vessels, the justice charged the jury, that if the plaintiffs were guilty of negligence, which contributed to the accident, they could not recover; it was *held*, that he should have given the further instruction, when so requested, that the degree of care, required from the plaintiffs, was "ordinary and reasonable care."

In such an action, the captain of the defendants' ship is not disqualified as a witness, on the ground that he would be responsible for a loss sustained by a collision, and that, therefore, the suit is defended for his benefit. Such an interest in the event of the suit may affect the credibility, but not the competency, of a witness.

Crary v. Marshall.

THE defendants in this action were sued in the marine court for damages, laid at $250, by reason of a collision between their steamboat and one belonging to the plaintiffs. The testimony was voluminous, and numerous points were raised and discussed in the arguments of counsel, upon the appeal taken by the plaintiffs from the judgment entered against them in the court below. The facts, however, bearing upon the questions upon which the case was determined in this court, appear sufficiently in the opinion.

*F. C. Bliss*, for the appellants.

*Wm. Allen Butler*, for the respondents.

BY THE COURT. INGRAHAM, FIRST J.—This action was to recover damages to a steamboat of the plaintiffs, from a collision with one belonging to the defendants.

Upon the trial, the defendants offered the captain of their boat as a witness, who was objected to by the plaintiffs' attorney, on the ground of interest.

No such objection is available under the code. The witness is admissible, and his interest only affects his credibility, not his competency. It is only where the action is prosecuted or defended for the immediate benefit of the witness, that he is to be excluded. There is nothing in this case to warrant his exclusion on that ground.

The plaintiffs' counsel, among other things, asked the court to charge the jury as to the extent of care required of the plaintiffs, in order to enable them to recover, which the court refused to do; and then charged, that if the plaintiffs' servants contributed in any way by their own negligence or want of caution to produce the damage, they were not entitled to recover. So far as the justice charged upon the law, no error was committed, but I think he was bound to go further, when requested by the plaintiffs' counsel, and inform the jury what kind of care was necessary to be used to avoid such accident. According to the request, he should have charged the jury that in deciding whether the plaintiffs had, by want of care, con-

tributed to the accident, they should require of the plaintiffs
the exercise of reasonable or ordinary care, and that the
want of a greater degree of care would not prevent a re-
covery.

This is all the care required under such circumstances, and
when that degree of care is used, negligence is not to be im-
puted to a party who is injured.   (1 Denio, 97 ; 5 Denio, 257.)

Whether or not such ordinary and reasonable care was taken
by the plaintiffs in this case, it is not for us to decide.   It was
the province of the jury, and in this case, the cause mainly
turned upon the question of what degree of care the plain-
tiffs had exercised in navigating their own vessel.   Under
such circumstances, it certainly was not enough to leave the
case to the jury under the instruction, that if the plaintiffs'
servants, by want of care, contributed to the accident, they
could not recover, and refuse to tell the jury, at the same time,
what extent of care the law required from them to free them
from such charge of negligence.

There were other points also on which the plaintiffs request-
ed the court to charge, calculated to aid the jury in their de-
cision ; but as the judgment must be reversed for the error
above stated, it is unnecessary to discuss them at this time.

Judgment reversed.